UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Jason Bruni,  Case No. 5:14-cv-203-OC-WTH-PRL

    Petitioner,

v.  **MEMORANDUM AND ORDER**

Secretary, Department of
Corrections, Florida Attorney
General,

    Respondents.

---

This matter is before the Court on a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. For the following reasons, the Petition is denied.

**BACKGROUND**

In February 2007, a jury convicted Petitioner Jason Bruni of second-degree murder with a firearm. The trial court sentenced him to life in prison with a 25-year mandatory minimum sentence. Bruni appealed to the Fifth Circuit Court of Appeal which affirmed per curium on February 1, 2008. Bruni v. State, 972 So. 2d 198 (table) (Fla. Dist. Ct. App. 2008).

In December 2009, Bruni filed his first postconviction relief motion pursuant to Florida Rule of Criminal Procedure 3.850 and claimed ineffective assistance of counsel. The postconviction court denied the motion. Bruni appealed that motion and filed a

second Rule 3.850 motion while that appeal was still pending. Bruni v. State, 81 So. 3d 433 (table) (Fla. Dist. Ct. App. 2011).

Bruni's second Rule 3.850 motion claimed that the jury instruction for manslaughter by act was fundamentally erroneous pursuant to the Florida Supreme Court's decision in State v. Montgomery, 39 So. 3d 252 (Fla. 2010). In August 2010, the postconviction court denied that motion, concluding that Montgomery did not apply retroactively, and therefore Bruni was not entitled to relief. The Fifth Circuit Court of Appeal affirmed per curiam. Bruni v. State, 58 So. 3d 273 (table) (Fla. Dist. Ct. App. 2011).

In April 2013, Bruni filed a third Rule 3.850 motion claiming erroneous and prejudicial jury instructions pursuant to the Florida Supreme Court's holding in Haygood v. State, 109 So. 3d 735 (Fla. 2013). The postconviction court denied Bruni's motion and distinguished Haygood by finding sufficient evidence in the record that there was culpable negligence and determining that there was therefore no prejudice from the challenged jury instructions. The court also noted that the petition was arguably untimely and successive. (App'x File 1 (Docket No. 7-25) at 67.[1]) Bruni appealed to the Fifth Circuit Court of Appeal, which affirmed per curiam. Bruni v. State, 145 So. 3d 114 (table) (Fla. Dist. Ct. App. 2013). In February 2014, Bruni appealed to the Florida Supreme Court, which dismissed the case. Bruni v. Crews, 135 So. 3d 285 (table) (Fla. 2014).

---

[1] The Court's citations to Respondents' Appendix are to the page numbers on the Court's electronic docket.

2

In April 2014, Bruni filed the instant Petition claiming erroneous jury instructions pursuant to the holdings in Montgomery and Haygood. (Pet. (Docket No. 1) at 7).

**DISCUSSION**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 et seq., a federal court's "review is greatly circumscribed and is highly deferential to the state courts." Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002). Indeed, AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002) (citation omitted). 28 U.S.C. § 2254, which applies to persons in custody pursuant to a state-court judgment, provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Furthermore, § 2254 states that "a determination of a factual issue made by a State court shall be presumed to be correct." Id. § 2254(e)(1). The burden is on the petitioner to "rebut[] the presumption of correctness by clear and convincing evidence." Id.

**A.      Timeliness**

A federal habeas petition must be filed within one year, or 365 days, of the petitioner's conviction becoming final. See 28 U.S.C. § 2241(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). This limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," id. § 2241(d)(1)(A), or from the date on which the constitutional right asserted was initially recognized by the Supreme Court, "if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Id. § 2241(d)(1)(C).

Bruni asserts that Montgomery renewed the tolling for manslaughter-instruction claims, and that Haygood further renewed the tolling period by distinguishing the prior holding. But this is true only if these holdings apply retroactively to cases on collateral review. 28 U.S.C. § 2241(d)(1)(C). Montgomery and Haygood can only be applied prospectively to cases not yet final on direct appeal. Dorvil v. Sec'y, No. 1:13cv21145, 2016 WL 6090852, at *7 (11th Cir. 2016). Bruni's conviction became final in 2008, two years before the Florida Supreme Court decided Montgomery. (Resp.'s Mem. (Docket No. 6) at 10.) Under federal precedent, Bruni is not entitled to retroactive relief.

Once the judgment is final and the statute of limitations begins to run, the limitations period may be tolled where a prisoner properly files an "application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). The statute is also subject to equitable tolling where a

4

petitioner shows "that he has been pursuing his rights diligently, and . . . that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 648 (2010) (internal quotation marks omitted).

Bruni has not demonstrated that any extraordinary circumstance prevented him from timely filing. Because the one-year limitations period expired long before Bruni's first postconviction motion and neither Montgomery nor Haygood renewed the tolling period, the present Petition is both untimely and procedurally barred.

**B.     Certificate of Appealability**

Bruni is required to secure a Certificate of Appealability before appealing the dismissal of his habeas corpus action. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). This Court cannot grant a Certificate of Appealability unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). The prisoner must establish that the resolution of his constitutional claims "was debatable among jurists of reason." Lott v. Att'y Gen., 594 F.3d 1296, 1301 (11th Cir. 2010).

Bruni has not demonstrated that his claims are debatable or that they "deserve encouragement to proceed further." Miller-El, 537 U.S. at 327. The Court will therefore not grant a Certificate of Appealability on any of Bruni's claims.

5

**CONCLUSION**

Bruni has not established that he is entitled to federal habeas corpus relief. Accordingly, **IT IS HEREBY ORDERED that**:

1. The Petition for a Writ of Habeas Corpus (Docket No. 1) is **DENIED**;

2. A Certificate of Appealability will **NOT** issue; and

3. The Clerk shall enter judgment accordingly, terminate all remaining deadlines as moot, and close the file.


Dated: November 14, 2016            *s/ Paul A. Magnuson*
                                                    Paul A. Magnuson
                                                    United States District Court Judge